## Thompson and wife *vs.* Wheeler and others.

Where a testator devised certain real estate in these words : " unto the heirs of my son Joel W., deceased, viz. Nathan, William Henry and Nehemiah, sons, and Lucinda and Mary, in a proportion of *three shares* to the sons and *one share* to the daughters," *it was held,* that *each son* was entitled to take under the will *three parts* and *each daughter* was entitled to *one part* of the premises devised.

On a plea of *non tenent insimul* in *partition,* the plaintiff is entitled to a verdict, if the parties hold the premises together *undivided,* although their interests may be different from what they are described in the petition.

If the interests are incorrectly described, it is competent to the court to amend the record and give judgment according to the rights of the parties ; but the supreme court cannot do so on writ of error, where the jury in the court below found a verdict against evidence.

Error from the Orange common pleas. Thompson and wife commenced proceedings for *partition of lands* by petition, in which they stated the rights of the parties to be as follows : that the petitioners, in right of Lucinda the wife, were entitled to *thirteen eightieths,* ($\frac{13}{80}$,) Mary Wheeler to $\frac{13}{80}$ths, and Nathan R. Wheeler, Henry P. Chapman Wheeler, and Nehemiah Haden Wheeler, each to $\frac{13}{80}$ths of the premises in question. The defendants pleaded *non tenent insimul.* On the trial, the plaintiffs produced the last will and testament of *Zebulon Wheeler,* containing a devise in these words : " I give and devise the lands contained in the farm on which I live, containing 160 acres or thereabouts, together with ten acres of cedar swamp in Peter's swamp, unto the heirs of my son Joel Wheeler, deceased, viz. Nathan, William Harrison, Henry P. Chapman, and Nehemiah Haden, sons, and Lucinda and Mary, in a proportion of three shares to the sons and one share to the daughters, and to their heirs and assigns forever." The plaintiff also produced a codicil to the said will, made by the said Zebulon Wheeler, containing a devise in these words : " I do hereby order and declare that my will is, that the heirs of my son Joel Wheeler, deceased, shall have what is generally called *Little White Oak Island,* containing about 24 or 25 acres of land, to be divided among them in the same

proportion as mentioned in my last will and testament." It was admitted that *Zebulon Wheeler*, after making his will, died, and after his decease, *William Harrison*, one of the devisees, also died, leaving his brothers and sisters his heirs at law, and that the parties, plaintiffs and defendants are the other devisees named in the will of Zebulon Wheeler, and that the premises, of which partition was sought, were the premises devised by the will. The *defendants* then insisted that the will should be so construed as to give to each son *three shares,* and to each daughter *one share* of the premises devised; and then as the share of *William Harrison,* the deceased brother, must by law be equally divided among his brothers and sisters, the result was that the surviving brothers were each entitled to *eighteen seventieths,* ($\frac{18}{70}$,) and each of the daughters to *eight seventieths* ($\frac{8}{70}$) of the premises in question, and that the construction of the will was purely a question of law. On the other hand, the plaintiffs contended that the will should be so construed as to give *three fourths* of the premises to the four *sons,* and the remaining *one fourth* of the premises to the two daughters, and urged that the question of the intent of the testator should be submitted to the jury. The court ruled that the construction to be given to the will was a question of law to be determined by the court, and not by the jury. The *plaintiffs* then requested the court to charge the jury that the true construction of the will was as had been contended by them; but instead of doing so, the court instructed the jury that by a true construction of the will, *each son* was entitled to *three acres* and *each daughter* to *one acre* of the premises devised. The jury found a verdict for the *defendants.* The plaintiffs having excepted to the decision and charge of the court, sued out a writ of error.

*W. H. Seward,* for plaintiff in error.

*S. Stevens,* for defendant in error.

*By the Court,* Nelson, J. The principal question involved in the writ of error arises upon the construction of the will of Z. Wheeler, viz. whether in devising the property in ques-

NEW-YORK,
May, 1836.

Thompson
v.
Wheeler.

tion to the children of his son Joel, he referred to the sons indi-vidually or collectively, and then to the daughters collectively. There were four sons and two daughters; the devise is "unto the heirs of my son Joel Wheeler, deceased, (naming first the sons and then the daughters,) in a proportion of three shares to the sons and one share to the daughters." If this is to be understood as a devise to the sons *collectively*, then they take three quarters of the estate, and the two daughters the other quarter; if *individually*, then each son takes three parts, and each daughter one part. The language may well bear either interpretation, without much violence to legal or grammati-cal rules; and there is some difficulty in ascertaining with positive certainty the exact meaning of the testator. I am inclined to think, however, the latter construction is the soundest, and best supported upon the words of the will. If the testator had in his mind to give three fourths of the prop-erty to the four sons, and one fourth to the daughters, it would have been most easy and natural to have expressed such an intent in more direct and unequivocal language. It is a common and familiar division, and apt words exist to ex-press it; the phrase, "three quarters to the sons and one quarter to the daughters," would have occurred to the most inexperienced draftsman. The words "proportion" and "shares" are inapt and foreign when attempting to express such a distribution of the estate; but well enough, and even appropriate, upon the ratio in the division we have supposed was intended. The court below, therefore, were right in their opinion upon the will. They were right also in refus-ing to submit the question of *intent* to the jury. It was a question of law, to be determined by the court from an ex-amination of the language of the will.

The verdict of the jury was erroneous; it should have been for the plaintiffs. On the plea of *non tenent insimul*, the only question of fact for the jury was, whether the de-fendants held the premises together, or in common and undi-vided with the plaintiffs; if they did, the plea was falsified, and failed. Although the interest of the parties may not be correctly described in the petition, it is competent for the court, in which the trial is had, to amend the record and give

judgment, that partition be made according to the respective rights of the parties.   2 *R. S.* 320, § 19.   *id.* 331, § 23. This was so decided in *Ferris v. Smith*, 17 *Johns. R.* 221, under the old law, and the revised statutes are more particular and explicit on the point.   Without the aid of the statute, the verdict would no doubt be correct. *Allinant on Part.* 75, 77. 17 *Vesey*, 552.   Still we cannot reverse the judgment. The decision of the court was correct upon the law in every instance excepted to.   The remedy in case of a verdict against law and evidence, is by an application to set it aside for that reason—not by writ of error.   The counsel for the plaintiffs should have asked the court to instruct the jury upon the manner of the finding of the verdict, and then had the court erred, the point would have been reviewed on bill of exceptions.   Here no direction was asked.for or given.   The error lies wholly with the jury.